UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
ADRIAN MARCELO RAMIREZ, individually and on
behalf of all others similarly situated,

                                  Plaintiff,

                       -against-

SMART FOODS INC and DANIEL MUÑOZ,

                                 Defendants.
------------------------------------------------------------------------X

Civil Action No.

COMPLAINT

Plaintiff Adrian Marcelo Ramirez ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Smart Foods Inc ("Smart Foods") and Daniel Muñoz (collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*. ("NJWHL"); and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq*. ("NJWPL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the NJWHL and NJWPL pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2(b).

7. Smart Foods is a domestic corporation with its principal place of business located at 72 Wabash Ave., Clifton, New Jersey 07011.

8. Smart Foods is an importer and distributor of Argentinian, Uruguayan, and Paraguayan products and serves customers throughout the northeastern United States.

9. Muñoz is an individual residing, upon information and belief, in the state of New Jersey.

10. At all relevant times, Muñoz was, and still is, an officer, director, shareholder and/or person in control of Smart Foods who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of pay for employees; and maintain employment records.

11. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

12. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

13. At all relevant times, Defendants were responsible for compensating Plaintiff.

14. Defendants are joint employers who jointly managed, supervised, hired, fired, and compensated employees, including Plaintiff, and are jointly and severally liable in this matter.

15. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

16. Defendants operate in interstate commerce.

17. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

18. The First Cause of Action in this Complaint, which arises under the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

19. The FLSA Collective Plaintiffs consist of no less than twelve (12) similarly situated current and former non-exempt employees of Defendants, who work or worked in excess of forty (40) hours per week and who are victims of Defendants' common policies and practices that violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation and other pay.

20. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all hours worked in excess of forty (40) per week and failing to pay employees for all hours worked.

21. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

22. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

23. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### V. Factual Allegations

24. Defendants employed Plaintiff as an account manager from in or around 2004 until in or around July 2020.

25. As an account manager, Plaintiff's principal responsibility involved general management of Defendants' accounts and clients by communicating with clients; coordinating deliveries to clients; performing general customer service; and performing accounting and inventory management.

26. Throughout his employment, Plaintiff typically worked Mondays through Saturdays from between approximately 8:00 a.m. and 9:00 a.m. until between approximately 7:00 p.m. and 8:00 p.m., for a total of approximately sixty-six (66) hours per week.

27. In addition, Plaintiff was required to work every other Sunday, from between approximately 8:00 a.m. and 9:00 a.m. until between approximately 7:00 p.m. and 8:00 p.m., bringing his average weekly total to approximately seventy-one and one-half (71.5) hours per week.

28. Throughout his employment, Plaintiff was not afforded daily meal or rest breaks, and was required to eat any meals during shifts, while working.

29. Throughout his employment, Plaintiff was not required to clock in and out or otherwise record his hours.

30. Throughout his employment, Plaintiff was paid approximately once per month.

31. Throughout his employment, Plaintiff was not compensated at an hourly rate or salary basis. Rather, Muñoz paid Plaintiff what he believed that Plaintiff "deserved" for his work performed that month, without any known numerical metric as guidance.

32. Throughout Plaintiff's employment, Defendants typically paid Plaintiff a total of between approximately $1,000.00 and $1,200.00 per month.

33. From the start of his employment until in or around October 2018, Plaintiff was paid his wages by check, with no accompanying paystub.

34. From in or around November 2018 until the end of his employment, Plaintiff was paid his wages entirely in cash, with no accompanying paystub.

35. Throughout his employment, Plaintiff was a non-exempt employee pursuant to the FLSA and NJWHL and was entitled to minimum wages for all hours worked, and overtime compensation for the hours he worked in excess of forty (40) hours per week.

36. However, despite routinely working in excess of forty (40) hours per week, Plaintiff and the FLSA Collective Plaintiffs were not paid overtime compensation of one and one-half (1.5) times their regular hourly rates or the applicable minimum wage, whichever is greater, for all of the hours they worked in excess of forty (40) per week.

37. Furthermore, based on his compensation received and number of hours worked, Plaintiff's regular hourly rate of pay throughout his employment fell below the New Jersey State minimum wage rate.

38. Defendants violated federal and state law by willfully failing to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation and other wages due; and by failing to pay Plaintiff the applicable minimum wages for all hours worked.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the Fair Labor Standards Act)*

39. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

40. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

41. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

42. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) in a week.

43. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

44. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

45. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
*(Overtime Violations under the NJWHL)*

46. Plaintiff repeats and realleges all prior allegations set forth above.

47. Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff was entitled to overtime wages of one and one-half (1.5) times his regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

48. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

49. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

50. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

51. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to no more than two-hundred percent (200%) of his unpaid wages.

52. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
*(Minimum Wage Violations under the NJWHL)*

53. Plaintiff repeats and realleges all prior allegations set forth above.

54. Pursuant to the applicable provisions of the NJWHL, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

55. Throughout his employment, Plaintiff was compensated at a rate that fell below the New Jersey State minimum wage rate.

56. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

57. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to no more than two hundred percent (200%) of his unpaid wages.

58. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(Failure to Timely Pay Wages in Violation of the NJWPL)*

59. Plaintiff repeats and realleges all prior allegations.

60. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

61. Defendants also failed to pay Plaintiff all wages due to him not later than the regular payday for the pay period in which he was terminated, in violation of N.J.S.A. 34:11-4.3.

62. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due, including overtime wages, minimum wages, and other pay, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

63. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of her unpaid wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Fourth Cause of Action for all unpaid wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) interest;

c) costs and disbursements; and

d) such other and further relief as is just and proper.

Dated: New York, New York
       June 9, 2021

>                           */s/ Nicole Grunfeld*
>                           Nicole Grunfeld
>                           KATZ MELINGER PLLC
>                           280 Madison Avenue, Suite 600
>                           New York, New York 10016
>                           (212) 460-0047
>                           ndgrunfeld@katzmelinger.com
>                           *Attorneys for Plaintiff*